B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>DePerno Law Office, PLLC | DEFENDANTS<br>Morris C. Sears d/b/a Abba Bonding |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>DePerno Law Office, PLLC<br>54870 North Main Street PO Box 536<br>Mattawan, MI 49071 | ATTORNEYS (If Known)<br>In Pro Per |
| PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objection to Discharge Pursuant to 11 USC § 523(a)(2)(A) and 11 USC § 727(a)(2), (a)(3), and (a)(4)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Morris C. Sears d/b/a Abba Bonding | | BANKRUPTCY CASE NO.<br>09 - 11053 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Alabama (Southern) || DIVISION OFFICE | NAME OF JUDGE<br>Mahoney ||
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] |||||
| DATE<br>10·30·2009 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Matthew S. DePerno |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE: )
)
MORRIS C. SEARS, ) Case No. 09-11053
d.b.a. ABBA BONDING, )
) Chapter 7
Debtor. )
)
)
------------------------------------------------ )
DePERNO LAW OFFICE, PLLC )
)
Plaintiff )
)
v. )
)
MORRIS C. SEARS, )
d.b.a. ABBA BONDING )
)
Defendant )
)

**COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR**

DePerno Law Office, PLLC ("Plaintiff"), on its own behalf, complains and alleges as follows:

JURISDICTION AND VENUE

1. This is an action in which Plaintiff objects to and seeks to deny the Chapter 7 discharge of defendant, Morris C. Sears, pursuant to 11 USC § 523(a)(2)(A) and 11 USC § 727(a)(2), (a)(3), and (a)(4).

2. This adversary proceeding is commenced prior to the deadline set forth by the Court.

3. The United States Bankruptcy Court for the Southern District of Alabama has jurisdiction and venue over this action.

## COUNT I – FRAUD

4.  Plaintiff restates and incorporates as if set forth fully herein all preceding allegations contained in this Complaint.

5.  Plaintiff was hired as attorney for MORRIS C. SEARS d/b/a ABBA BONDING, in a civil case titled Sona Construction Group, et al v Macomb County Board of Commissioners, et al case number No. 07-665-CK consolidated with 07-4760-CK, in Macomb County Circuit Court, Michigan.

6.  Defendant retained Plaintiff under a general retainer agreement as attorney in the above referenced civil case, signed by Defendant. See Exhibit A.

7.  Defendant requested Plaintiff to perform legal work to protect Defendant against claims of the plaintiffs in the Sona case. Plaintiff performed these services and ultimately obtained an agreement to settle the potential claims of over $1,000,000 on performance bonds and payment bonds for a $50,000, which this Bankruptcy Court refused to authorize.

8.  Defendant attached to his Bankruptcy Petition "Exhibit D – Individual Debtor's Statement of Compliance with Credit Counseling Requirement" which states that he received a briefing from a credit counseling agency within 180 days before filing his bankruptcy case.

9.  The Exhibit D further states that that Defendant should attach a copy of his credit counseling certificate which may or may not have been attached to the actual petitioner, but which states that Defendant received credit counseling from Consumer Credit Counseling Service of Greater Atlanta, Inc. on February 4, 2009.

10. Defendant never notified Plaintiff that he was receiving credit counseling with the intent to file bankruptcy or that he ever intended to file bankruptcy.

2

11. Rather, Defendant continued to request the services of Plaintiff, without notice of his intent to file bankruptcy and without notice of his credit counseling, and in fact requested Plaintiff continue to work on the Sona case, including a lengthy settlement conference on February 19, 2009 and other services throughout February and March, 2009.

12. At no time during the months of January, February, or March, 2009 did Defendant advise Plaintiff that he was filing bankruptcy or serve the petition on Plaintiff, even though Plaintiff and Defendant had multiple telephone conversations during this period of time. Rather, Plaintiff heard from one of the defendants in the Sona case that Defendant may have filed bankruptcy.

13. Pursuant to 11 USC § 523(a)(2)(A), Defendant is not entitled to discharge under section 727 for any debt for "money, property, services, . . . obtained by (A) false pretenses, a false representation, or actual fraud . . . ."

14. Defendant's actions demonstrate that he clearly intended to file bankruptcy and refused to advise Plaintiff of his intentions; but rather actually continued to request the services of Plaintiff knowing that he would never pay for such services.

15. Defendant obtained the continued services of Plaintiff under false pretenses, false representation, and actual fraud.

16. Further, as demonstrated through various motions filed by the trustee in this Bankruptcy case, Defendant, either on his own, or in cooperation with Theresa Ranz or his daughter(s) hid assets, concealed assets, or transferred assets mere days before filing his bankruptcy petition on March 4, 2009.

3

17. Plaintiff has advised the trustee that Defendant mentioned to Plaintiff that he made "cash transfers" just before March 4, 2009 to Theresa Ranz and his daughter(s), which the trustee has refused or failed to act upon.

18. Pursuant to 11 USC § 727(a)(2), Defendant is not entitled to discharge under section 727 if he "transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed – (A) property of the debtor, within one year before the filing of the petition; or (B) property of the estate, after the date of the filing of the petition."

19. Pursuant to 11 USC § 727(a)(3), Defendant is not entitled to discharge under section 727 if he "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained . . . ."

20. Pursuant to 11 USC § 727(a)(4), Defendant is not entitled to discharge under section 727 if he "knowingly and fraudulently, in or in connection with the case – (A) made a false oath or account; (B) presented or used a false claim; (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs."

21. Defendant clearly concealed and transferred multiple and valuable assets to Theresa Ranz and his daughter(s) within one year of filing the petition, and perhaps after filing the petition.

22. Defendant has clearly refused and failed to preserve a record of his financial dealings over the last several years and up to the date of the petition.

23. Unbeknownst to Plaintiff, Defendant was attempting to use Plaintiff's services to commit a fraud on others. Defendant failed to disclose the nature of his fraudulent conduct to Plaintiff during the course of the Sona case, but instead maintained his innocence and provided to Plaintiff false statement and false documents.

24. In fact, Defendant asserted to Plaintiff that his issued performance and payment bonds were authentic and that he had actually paid commission to an underwriter of the bonds.

25. It wasn't until after the filing of the petitioner that Plaintiff learned Defendant was defending multiple other cases across the country involving similar fraud allegations concerning his performance and payment bonds. Defendant only told Plaintiff that he was defending a case in Florida.

26. After receiving a copy of the petition in March, 2009 and after several phone calls with other plaintiffs' counsel, Plaintiff realized that Defendant was actually writing fake bonds for construction projects, and keeping the entire amount of insurance premiums received, rather than using a legitimate underwriter and paying a commission on the premiums.

27. In the Sona case, Defendant collected $200,000 on the fake bonds, which he kept free and clear of any fake commission. Considering Defendant ran the same scam across the country, Defendant stood to collect millions of dollars, which he has failed to reveal or turn over to the trustee, and which Plaintiff believes (based on statements made by Defendant after filing the petition) has been transferred to Theresa Ranz or Defendant's daughter(s).

28. Theresa Ranz was a participant in these fraudulent schemes and was aware of Defendant's dealings.

5

29. Defendant's petition and schedule clearly contained false information and failed to disclose all of Defendant's assets. The petitioner was false when made and Defendant knew it was false when he signed the petition and filed it with the bankruptcy court.

30. The reasonable value of the services performed by Plaintiff as attorney for Defendant in the Sona case was $55,539.73 as of August 26, 2009.

WHEREFORE, Plaintiff prays that this Court:

(A) declare that Defendant, Morris Sears d/b/a ABBA Bonding is denied a discharge under 11 USC § 523(a)(2)(A) and 11 USC § 727(a)(2), (a)(3), and (a)(4)

(B) award Plaintiff its costs of prosecuting this action; and

(C) Order such other and further relief as may be deemed just and proper.

Respectfully submitted,

DePERNO LAW OFFICE, PLLC

DATED: October 30, 2009        BY: _____
Matthew S. DePerno (P52622)
Business Address:
54870 North Main Street, PO Box 536
Mattawan, MI 49009
269-668-4074
msdesq@sbcglobal.net

## PROOF OF SERVICE

    Matthew S. DePerno certifies that a copy of the foregoing and this Proof of Service was served in the above matter on October 30, 2009 through the electronic filing system. I declare under penalty of perjury that the statement is true to the best of my information, knowledge, and belief.

_____
Matthew S. DePerno