IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

MORRIS C. SEARS  
d/b/a ABBA BONDING,

    Debtor,

and

DEPERNO LAW OFFICE, PLLC

    Plaintiff,

v

MORRIS C. SEARS  
d/b/a ABBA BONDING,

    Defendant.

_____/

CASE NO.: 09-11053-MAM

ADV NO.: 09-01117

## ANSWER TO COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR

**COMES NOW**, Morris C. Sears, in Proper Person and Pro se, and files this his Answer to Complaint Objecting to Discharge of Debtor as follows:

### JURISDICTION AND VENUE

1. Without knowledge; therefore denied.
2. Admitted.
3. Admitted.

### COUNT I - FRAUD

4. Defendant restates and incorporates as if set forth fully herein all preceding allegations contained in this Answer.
5. Admitted.
6. Without knowledge; therefore denied.

7. Without knowledge; therefore denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted in part; denied as to all other parts.

12. Without knowledge; therefore denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted in part; denied as to all other parts.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

**WHEREFORE**, Defendant requests this Court deny the relief

sought by the Plaintiff and for such other and further relief this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

Defendant Morris Sears argues that on or about September 2008, October 2008, and in January 2009, Defendant Sears instructed Plaintiff to prepare and file a Stipulated Motion to Withdraw as counsel of record for the Defendant. The reason for this instruction is that the suit was filed against ABBA Bonding, Inc., a voluntarily dissolved corporation. Defendant informed Plaintiff that he did not wish to retain Plaintiff to continue the litigation pending before the Court as ABBA Bonding, Inc., was a voluntarily dissolved corporation.

## SECOND AFFIRMATIVE DEFENSE

Defendant Morris Sears argues that Plaintiff was informed on or about March 1, 2009, of Defendant's intent to file Chapter 11 Bankruptcy. The decision to file Chapter 11 Bankruptcy was determined after the Defendant obtained credit counseling and at the recommendation of the credit counseling firm. Prior to the Defendant obtaining credit counseling, Defendant learned that there were financial problems but was unable to adequately make a determination if filing bankruptcy was in the best interest of the Defendant.

## THIRD AFFIRMATIVE DEFENSE

Defendant Sears argues that despite informing Plaintiff of the filing of Chapter 11 Bankruptcy, he instructed Plaintiff to cease

and desist all work on the civil litigation and that should the Plaintiff continue to work, without the permission of the Bankruptcy Court, that said work would not be paid for.

**WHEREFORE**, Defendant requests this Court deny the relief sought by the Plaintiff and for such other and further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the foregoing has been delivered to Matthew S. DePerno on behalf of DePerno Law Office, PLLC, via electronic mail to msdesq@sbcglobal.net and to all parties of record via CM/ECF filing with the Clerk of Court on this the 5th day of November 2009.

Respectfully submitted,

/s/ Morris C. Sears
Morris C. Sears, Pro se
6123 Hilltop Drive
Pensacola, FL 32504
850.619.4573