UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re: MORRIS C. SEARS,  Case No.: 09-11053-MAM
d.b.a. ABBA BONDING,

    Debtor.

DePERNO LAW OFFICE, PLLC,  Adv. Proc. No.: 09-01117

    Plaintiff,

v.

MORRIS C. SEARS,
d.b.a. ABBA BONDING,

    Defendant.

**ORDER DENYING DePERNO LAW OFFICE'S OBJECTION TO DISCHARGEABILITY OF ITS DEBT AND DISCHARGE OF DEBTOR**

Matthew S. DePerno, attorney for DePerno Law Office
Morris C. Sears, Debtor, *pro se*

This matter is before the Court on the DePerno Law Office's Objection to Discharge of Debtor Morris Sears. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(1), and the Court has authority to enter a final order. For the following reasons, DePerno Law Office's objections to discharge of its debt and to discharge of all Sears debts are due to be DENIED.

**FACTS**

Mr. DePerno's objection to Debtor's discharge stems from his representation of Mr. Sears in a civil suit entitled Sona Construction Group, et al, v. Macomb County Board of

1

Commissioners, et al (07-665-CK consolidated with 07-4760-CK) in Macomb County Circuit Court, Michigan. That case was filed against Debtor and other parties on November 2, 2007. Mr. Sears retained Mr. DePerno to represent Abba Bonding in the Macomb County suit. Sears paid Mr. DePerno a retainer and DePerno entered an appearance on behalf of Abba Bonding on December 13, 2007. The underlying suit dealt with Mr. Sears' failure to honor construction and performance bonds where the contractor, bonded by Abba Bonding, failed to perform. Mr. Sears was not licensed to do business in Michigan at the time he issued the bonds. Sears testified at a hearing before this Court that he refused to honor the bonds because the bond premiums were not paid. Mr. DePerno testified that Mr. Sears was also involved in a number of other lawsuits stemming from the same conduct but Sears did not inform DePerno about other litigation.

On December 1, 2008, the Macomb County Court ordered Abba Bonding and another bonding company to turn over all bond premiums to an escrow account held by the court. Mr. Sears testified before this Court that his reason for not turning over bond premiums to the Macomb County Court was that Abba Bonding had closed before any action was filed against it. Mr. DePerno represented Sears' interests at a settlement hearing on February 19, 2009, and managed to settle claims against Abba Bonding for $33,000 (an amount significantly less than the $1,000,000 potential exposure that DePerno testified Sears was facing in the Macomb County litigation). Mr. Sears has not paid the agreed settlement amount.

Mr. Sears testified before this Court that he asked DePerno to withdraw as counsel on two occasions in early December 2008, before the settlement conference, and that DePerno billed for work completed after that time. Mr. DePerno testified that Sears never asked him to withdraw from the case, and testified that he continued to represent Sears in the settlement and appellate process at Sears' instruction. Finding Mr. DePerno to be a credible witness, and

2

considering the unlikelihood that an attorney would engage in the substantial and difficult amount of work involved in appealing Sears' case in the Michigan courts without being instructed to do so, the Court finds that Mr. DePerno was not asked by Sears to withdraw his representation.

Mr. Sears obtained credit counseling through Consumer Credit Counseling Service of Greater Atlanta, Inc. on February 4, 2009, and filed a voluntary chapter 11 petition on March 5, 2009. Sears did not inform DePerno of his bankruptcy filing, and DePerno first learned of it from one of Sears' co-defendants in the Macomb County litigation. To date, Mr. Sears has only paid $9,800 to Mr. DePerno for his services in representing Abba Bonding, an amount significantly less than indicated by Mr. DePerno's billing statements which were entered into evidence.

The DePerno Law Office filed this adversary proceeding against Debtor on October 30, 2009, objecting to discharge of its debt of $55,539.73 and the discharge of Debtor. As grounds for its complaint, DePerno asserts that Sears is not entitled to a discharge of its debts under § 523(a)(2)(A) because he committed fraud when he did not advise DePerno that he had obtained credit counseling and was filing for bankruptcy and that Sears continued to request DePerno's legal services intending to never pay for them. Futher, DePerno alleges that Sears is not entitled to discharge under § 727(a) because he concealed or transferred assets within one year of filing his petition and used DePerno's services to commit a fraud on others involved in the Sona litigation.

This Court has previously ruled on Mr. DePerno's application for post-petition fees, and determined that fair compensation for services performed between June 24, 2009, and the conversion of the case on July 2, 2009, was $1000.00. The total amount DePerno showed at trial

3

Case 09-01117   Doc 9   Filed 04/22/10   Entered 04/22/10 13:56:20   Desc Main
Document      Page 3 of 10

as due for prepetition services is $14,021.04. Mr. DePerno did not perform any work for Mr. Sears between the date Mr. Sears obtained credit counseling (February 4, 2009) and the date Sears filed his bankruptcy petition (March 5, 2009).

## LAW

### I. § 523(a)(2)(A)

#### A.

Mr. DePerno argues that Mr. Sears' debt to him should not be discharged because Sears obtained Mr. DePerno's services with the knowledge that he was going to file bankruptcy and did not intend to ever pay for those services. Sears testified at trial that he did not form the intent to file bankruptcy until after he obtained credit counseling. Thus, the only time in which Sears could have fraudulently obtained Mr. DePerno's services would have been between the time Mr. Sears obtained credit counseling and the date of his petition. The billing records that Mr. DePerno submitted into evidence show that Mr. DePerno performed no services for Mr. Sears during that time period, thus there is no debt which could be subject to a declaration of nondischargeability. The Court will consider the relevant law applicable to Mr. DePerno's motion as though there were a debt that could be subject to nondischargeability.

#### B.

Under 11 U.S.C. § 523(a)(2)(A), a debtor is not entitled to discharge for any debt for money, property, or services obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. Courts have generally interpreted § 523(a)(2)(A) to require the traditional elements of common law fraud. *In re Bilzerian,* 153 F.3d 1278, 1281 (11th Cir. 1998). To prevail on a claim of nondischargeability under this section, the plaintiff must prove by a preponderance of the evidence: (1) the debtor

4

made a representation, (2) that was knowingly false, (3) made with the intent to deceive the plaintiff, (4) the plaintiff actually and justifiably relied on it, and (5) the plaintiff sustained a loss as a proximate result of its reliance. *In re Wood*, 362 B.R. 503, 505 (N.D. Ala. 2007). Objections to discharge of a debt are to be strictly construed against the creditor and liberally in favor of the debtor. *In re Shusteric*, 380 B.R. 58, 63 (Bankr. M.D. Fla. 2007).

DePerno argues that Sears is not entitled to discharge its debt under this section because Sears obtained DePerno's services under false pretenses, false representation, or actual fraud by not informing DePerno of his bankruptcy filing and by requesting services knowing he would not pay for them. The first and second elements that Mr. DePerno must prove under § 523(a)(2)(A) are that Mr. Sears (1) made a representation (2) that was knowingly false. An actual, overt representation is an indispensable element of a claim under § 523(a)(2)(A). *In re Bullock*, 317 B.R. 885 (Bankr. M.D. Ala. 2004) (*citing In re Hunter*, 780 F.2d 1577, 1578 (11th Cir. 1986)). To establish that the representation was knowingly false, the creditor must show that the debtor possessed an actual, subjective fraudulent intent. *Field v. Mans*, 516 U.S. 59, 67-68, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).

The record shows that Sears did obtain credit counseling followed by a bankruptcy filing, and DePerno presented evidence at trial that Sears did not inform him about it and let DePerno keep working. However, Mr. DePerno did not present any evidence that Sears made any specific representation as to his status, let alone a knowingly false statement as to his status. Although the record indicates that Mr. Sears indeed failed to inform Mr. DePerno of his bankruptcy status, there is no evidence of a knowingly false (actual) representation made by Sears. Thus, DePerno has failed to meet his burden with regards to the first two elements of § 523(a)(2)(A).

5

Case 09-01117    Doc 9    Filed 04/22/10    Entered 04/22/10 13:56:20    Desc Main
Document      Page 5 of 10

In determining the third element - whether the debtor possessed the actual intent to deceive - the Court can consider circumstantial evidence. *In re Bullock*, 317 B.R. 885, 890 (Bankr. M.D. Ala. 2004). However, the subsequent failure of the debtor to pay, without more, is not sufficient to establish that the debtor lacked the intent to pay. *Id*. In the present case, Mr. Sears ultimately failed to pay Mr. DePerno the agreed upon amount for his services. However, Mr. DePerno did not present any factual evidence that showed Sears intended all along to deceive DePerno. On the contrary, Sears testified that he believed he would eventually be able to pay for Mr. DePerno's services and had access to the funds to do so. It was clear after the bankruptcy filing that Sears was insolvent, but before the filing Sears paid bills as they came due.

The fourth and fifth elements of a nondischargeability claim under § 523(a)(2)(A) are whether the creditor justifiably relied on the debtor's representation and whether that reliance caused the creditor to suffer a loss. This is a subjective standard, and the Court must examine the "particular qualities and characteristics of the plaintiff and circumstances of the particular case." *In re Simpson*, 319 B.R. 256, 260 (Bankr. M.D. Fla. 2003). While Mr. DePerno's actions appear to be reasonable, there is no evidence of an actual representation made by Mr. Sears on which DePerno relied to his detriment. The burden is on the Mr. DePerno to prove that Mr. Sears possessed the intent to defraud. Without evidence that Sears made a knowingly false affirmative representation with the intent to deceive, DePerno has failed to meet his burden with regards to nondischargeability under § 523(a)(2)(A).

## C.

A separate issue is whether Sears' silence about his bankruptcy filing constitutes a misrepresentation under § 523(a)(2)(A). Generally, absent a duty imposed by law to disclose

6

facts because of the relationship of the parties, mere silence and failure to disclose falls short of being a false representation, false pretense, or actual fraud of the type required to except a debt from discharge. *In re Zeller*, 242 B.R. 84 (Bankr. S.D. Fla. 1999). Here, DePerno fails to cite, and the Court cannot find, any authority imposing a duty to disclose on Mr. Sears. Further, other courts have held under substantially similar facts that a debtor's failure to advise his law firm that he had obtained credit counseling in anticipation of filing for bankruptcy relief did not constitute a fraudulent misrepresentation of the type required for a finding of nondischargeability. *In re Hill*, --- B.R. ---, 2010 WL 1048204 (Bankr. W.D.N.C.)

## II. § 727(a)(2)

In relevant part, 11 U.S.C. § 727(a)(2) requires the court to grant the debtor a discharge unless the debtor, with intent to hinder, delay, or defraud a creditor. . . has transferred, removed, destroyed, mutilated, or concealed. . . property of the debtor, within one year before the date of filing of the petition; or property of the estate, after the date of the filing of the petition. 11 U.S.C. § 727(a)(2). Mr. DePenro asserts that Mr. Sears is not entitled to discharge under these sections because he concealed and transferred multiple assets to Theresa Ranz and his daughter(s) within one year before, and perhaps after, his petition was filed.[1]

DePerno entered into evidence records detailing vehicle and property transfers from Sears to himself and Theresa Ranz (Debtor's wife) as co-owners and joint tenants, respectively. The Court has taken judicial notice of its earlier order and partial judgment setting aside and voiding the transfers. However, a ruling that the transfers were to be set aside is not proof of actual fraud sufficient to prevent discharge under §727. Objection to discharge based on § 727(a)(2)(A) requires proof that (1) debtor transferred property, (2) belonging to the estate, (3)

---

[1] Debtor has litigated similar issues in parallel proceedings and the Court is familiar with the issues raised in those proceedings.

7

within one year of filing the petition, and (4) with the intent to hinder, delay or defraud a creditor of the estate. In the present case, Mr. DePerno has not provided any evidence about the Sears' intent to hinder, delay, or defraud a creditor. His wife, Joann Sears, had died and he and Ms. Ranz became common law husband and wife shortly thereafter. They put most of their assets in joint names. Although the transfers were constructively fraudulent, there was no proof of actual fraud. Therefore a declaration of nondischargeability under § 727(a)(2) is inappropriate here.

### III. § 727(a)(3)

11 U.S.C. § 727(a)(3) prevents discharge where the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information. . . from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified. 11 U.S.C. § 727(a)(3). Mr. DePerno asserts that Mr. Sears has refused and failed to keep records of his financial dealings over the last several years and up to the date of Sears' petition.

With regards to failure to keep records, § 727(a)(3) requires a plaintiff to show that the debtor not only failed to keep records, but did so for a purpose such as avoiding having to surrender records. *See In re Prevatt*, 261 B.R. 54 (Bankr. M.D. Fla. 2000). The Eleventh Circuit has framed this as an evidentiary issue. If the party objecting to discharge can present credible evidence showing that a debtor failed to keep records out of fear of discovery by a trustee, for example, then the burden shifts to the debtor to explain the absence of the records. *See Chalik v. Moorefield* (*In re Chalik*), 748 F.2d 616, 619 (11th Cir. 1984). In the present case, Mr. DePenro did not present any evidence or elicit testimony as to the absence of Sears' records. Because DePerno did not meet the initial burden of showing why Sears failed to keep records, an order preventing discharge under this section is inappropriate.

8

## IV. § 727(a)(4)

11 U.S.C. § 727(a)(4) prevents a debtor from obtaining a discharge where the debtor knowingly and fraudulently, in connection with debtor's bankruptcy case, makes a false oath, presents a false claim, gives/receives property or an advantage in exchange for acting or forbearing to act, or withholds possession of information relating to debtor's financial affairs from an officer of the estate entitled to possession. 11 U.S.C. § 727(a)(4). Mr. DePerno alleges that Sears is not entitled to discharge under this section because he attempted to use DePerno's services to commit a fraud on others by providing DePerno and others with false statements and documents. Mr. DePerno does not specify which subsections of § 727(a)(4) he relies on, however, it appears that the only potentially relevant subsections are (a)(4)(A) and (a)(4)(D). Those subsections prevent discharge where debtor makes a false oath or withholds information from estate officers.

Two elements must be proven to succeed under § 727(a)(4)(A): (1) the debtor's oath must have been knowingly and fraudulently made, and (2) it must be related to a material fact. *In re Dupree*, 336 B.R. 520 (Bankr. M.D. Fla. 2005). Here, DePerno has not presented specific evidence as to a false oath made by Sears that would prevent discharge. Mr. DePerno argues that Sears issued fake bonds and retained all money collected in connection with the bonds, and that Sears provided DePerno with false documents and statements. Such conduct is not within the purview of § 727(a)(4)(A) because it is neither an oath or account made in connection with Sears' bankruptcy case.

To succeed under § 727(a)(4)(D), a plaintiff must show that the information withheld from an officer of the estate was not turned over after being specifically requested by the Trustee. *In re Matus*, 303 B.R. 660, 679-80 (Bankr. N.D. Ga. 2004). Mr. DePerno has not

9

presented the Court with evidence that Sears failed to turn over information or records to an officer of the estate, nor that the estate made such a request, thus, DePerno has failed to meet his burden with regards to nondischargeability under § 727(a)(4)(D).

## V.

It is evident from the record that Mr. Sears obtained a benefit from Mr. DePerno's work, and that Sears has not paid for that work. Mr. DePerno has the burden of proving by a preponderance of the evidence that Sears is not entitled to discharge of DePerno's debt under § 523(a)(2)(A) or a general discharge of all debts under § 727(a)(2), (a)(3), and (a)(4). Overall, Mr. DePerno has not met his burden, and a declaration of nondischargeability is inappropriate. Therefore, DePerno's Objection to Discharge is DENIED and judgment is awarded to Morris C. Sears.

Dated: April 22, 2010

*Margaret A. Mahoney*
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE